IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT F. MORGAN and<br>MICHALE D. WILSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>JEFFERSON COUNTY<br>COMMISSION, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CV 03-J-2412-S<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Pending before the court are the following motions: (1) defendant Mike Hale's ("Hale") motion to dismiss (doc. 33); (2) Hale's motion for leave to amend motion to dismiss (doc. 38); (3) Hale's amended motion to dismiss (doc. 39); (4) Hale's motion to stay order for Rule 26.1 report of parties' planning meeting (doc. 40); and (5) defendant Jefferson County Commission's ("the Commission") renewed motion to dismiss (doc. 36). The court has reviewed the motions and the parties' other submissions. Based upon this review, the court is of the opinion that: (1) Hale's motion for leave to amend motion to dismiss (doc. 38) is due to be granted; (2) Hale's motion to dismiss, as amended, (docs. 33 & 39) is due to be granted; (3) Hale's motion to stay order for Rule 26.1 report of parties' planning meeting (doc. 40) is moot; and (4) the

Commission's renewed motion to dismiss (doc. 36) is due to be granted in part and denied in part.

Plaintiffs are former K-9 handlers with the Jefferson County Sheriff's Department and seek compensation for alleged overtime spent caring for the dogs assigned to them. (Second Amended and Restated Complaint, ¶¶ 8-11.) In their second amended and restated complaint (doc. 30), plaintiffs allege that defendants (Mike Hale, individually and in his official capacity as Sheriff of Jefferson County, Jefferson County Commission, Jefferson County Personnel Board): (1) violated the Fair Labor Standards Act ("FLSA") and (2) violated 42 U.S.C. § 1983. (Second Amended and Restated Complaint, ¶¶ 15-22.)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is due to be granted only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). And, when making that determination, the court must view the allegations contained in the complaint in the light most favorable to the nonmovant. *Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991).

Plaintiffs concede that: (1) plaintiffs' claims against Hale, in his individual capacity, should be dismissed; (2) plaintiffs' section 1983 claim against all defendants

should be dismissed; and (3) Hale, in his official capacity, is immune from suit for monetary damages.

The only remaining issue raised by Hale's motion to dismiss is whether Hale is due to be dismissed as a defendant in his official capacity. "State immunity immunizes the sheriff in his official capacity from liability for money damages." *Employees of the Montgomery County Sheriff's Dep't v. Marshall*, 2004 WL 1079993, * 5 (Ala.). Moreover, the Eleventh Circuit has held that "the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor." *Powell v. State of Florida*, 132 F.3d 677, 678 (11th Cir. 1998). Thus, all of plaintiffs' claims against Hale, in his official capacity, are due to be dismissed.

In its renewed motion to dismiss, the Commission asserts that plaintiffs' claims against it should be dismissed because: (1) the Commission is not plaintiffs' employer under the FLSA; (2) the Commission can not be held liable under a theory of respondeat superior for acts or omission of the sheriff; and (3) plaintiffs may not seek relief under section 1983 for violations of the FLSA. The court agrees with the Commission's second and third assertions.[1] *See Parker v. Amerson*, 519 So.2d 442, 442 (Ala. 1987) ("A sheriff is not an employee of a county for purposes of imposing liability on the

---

[1] Plaintiffs concede that their section 1983 claim is due to be dismissed against all defendants. (Pl. Response, at 4.)

county under a theory of respondeat superior."); *Saunders v. Hunter*, 980 F. Supp. 1236, 1245 (M.D. Fla. 1997) ("[T]he Fair Labor Standards Act provides for the exclusive remedy for failure to pay overtime wages and therefore the plaintiff may not seek relief under § 1983 for violations of the Fair Labor Standards Act."). However, contrary to the Commission's first assertion, the court finds that plaintiffs have sufficiently alleged that the Commission is a joint employer of plaintiffs.[2] Therefore, the Commission's renewed motion to dismiss is due to be granted in part (as to plaintiffs' section 1983 claim) and denied in part (as to plaintiffs' FLSA claim).

---

[2] The FLSA defines "employer" to encompass "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d).

> Courts are to construe the terms "employee" and "employer" expansively. [citations omitted] In addition, the FLSA contemplates that an employee may have more than one employer responsible for its provisions. [citations omitted] To determine whether an employment relationship exists the Supreme Court has indicated that courts should apply an "economic realities" test. [citations omitted]
>
> ....
>
> An employer under the Act is someone who: 1) has the power to hire and fire the employee; 2) supervises and controls the employee's work schedule or conditions of employment; 3) determines the rate and method of payment; and 4) maintains employment records. [citations omitted] No one factor is dispositive, but instead "a court must consider the economic realities and the circumstances of the whole activity." [citation omitted]

*Robertson v. Board of County Comm'rs of the County of Morgan*, 78 F. Supp. 2d 1142, 1150-51 (D. Colo. 1999). *See Barfield v. Madison County, Mississippi*, 984 F. Supp. 491, 497 (S.D. Miss. 1997).

Based upon the foregoing, Hale's motion for leave to amend motion to dismiss (doc. 38) is **GRANTED**. Hale's motion to dismiss, as amended, (docs. 33 & 39) is **GRANTED**. Plaintiffs' claims against Hale, individually and in his official capacity, shall be **DISMISSED WITH PREJUDICE** by separate order. Hale's motion to stay order for Rule 26.1 report of parties' planning meeting (doc. 40) is **MOOT**. Jefferson County Commission's renewed motion to dismiss (doc. 36) is **GRANTED IN PART and DENIED IN PART**. Plaintiffs' section 1983 claim shall be **DISMISSED WITH PREJUDICE** by separate order.

**DONE** and **ORDERED** this the __2__ day of June, 2004.

_____
Inge P. Johnson
United States District Judge