FILED
2005 Sep-22 PM 12:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT F. MORGAN, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION NO.** |
| ) | **CV-03-2412-VEH** |
| **v.** ) | |
| ) | |
| **JEFFERSON COUNTY** ) | |
| **COMMISSION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Robert F. Morgan and Michael D. Wilson have sued Defendants Mike Hale (individually and in his official capacity as Sheriff of Jefferson County), the Jefferson County Commission, and the Jefferson County Personnel Board under the Fair Labor Standards Act (FLSA) and 42 U.S.C. § 1983 for failure to pay overtime for hours worked in excess of 40 hours per week. Prior to this motion for summary judgment, all claims against Mike Hale were dismissed with prejudice, and all claims against the Jefferson County Commission with the exception of a claim under the FLSA were dismissed with prejudice. The court granted Jefferson County Commission's motion for summary judgment and the Commission was terminated from this action. Defendant Jefferson County Personnel Board has filed a motion for summary

1

judgment as to all claims under the FLSA asserting that the Personnel Board is not Morgan's and Wilson's employer for FLSA purposes. The parties have briefed the issue extensively.

For the reasons stated, Defendant's motion for summary judgment is due to be **GRANTED**.

### Facts[1]

Plaintiff Robert F. Morgan began working with the Jefferson County Sheriff's Department on January 19, 1987 as a Deputy Sheriff, and he was a K-9 handler from 1997 until his retirement on June 14, 2003. Plaintiff Michael D. Wilson worked with the Jefferson County Sheriff's Department from August 1992 until approximately April 2001. At all times relevant to this lawsuit, Morgan and Wilson were employed as K-9 officers for the Jefferson County Sheriff's Department (Plaintiff 2d Am. & Restated Compl. p.2 at 5-6).

Morgan and Wilson kept the police dogs in a kennel at their homes (Deposition of Michael Wilson, p.7 lines 8-21; Deposition of Robert Morgan, p.40 lines 6-13)[2], brushed the dogs each morning (Deposition of Robert Morgan, p.39 lines 13-21), and

---

[1] Where disputed, as it must, the court has viewed the facts in the light most favorable to Morgan and Wilson. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000)

[2] Wilson stipulated the answers given by Morgan in Morgan's deposition are true and correct to the best of his knowledge and adopted and incorporated those questions and answers as his answers when he was deposed. Further references to the Plaintiffs' depositions will only reference the deposition of Morgan to the extent that Wilson has adopted Morgan's responses.

groomed, fed, watered, and exercised the dogs as well as cleaned the kennels each afternoon (*Id.*, p.39 line 22 - p.40 line 5). In addition to these duties, Morgan and Wilson were required to obtain food, flea and tick spray, heartworm preventatives, to bathe the dogs once a week, take the dogs to the veterinarian as needed, and perform other miscellaneous duties (Plaintiff 2d Am. & Restated Compl. p.2 at 7).

The Sheriff promulgated the policy, which contained specific requirements, instructing Morgan and Wilson to care for their dogs (Deposition of Robert Morgan, p.37 line 23 - p.38 line 23, p.40 lines 14-21). All of Morgan's and Wilson's duties in regard to handling the dogs occurred at the end of their regular shift (Plaintiff 2d Am. & Restated Compl. p.2 at 8); however, they argue that, in violation of the Fair Labor Standards Act (FLSA)(*Id.* p.2 at 8-11), the Jefferson County Personnel Board improperly refused to pay them overtime for an average of 1 hour per day, 365 days per year, spent in the care of their police dogs.

The court cannot find any facts that give rise to the conclusion that the Jefferson County Personnel Board is Morgan's and Wilson's employer for FLSA purposes.

## Standard of Review for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its

initial burden depends on whether that party bears the burden of proof on the issue at trial. See *Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not

require evidence negating the non-movant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the non-moving party's case. *Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## **Analysis**

**I.     The Jefferson County Personnel Board is not Morgan's and Wilson's Employer Under the FLSA.**

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d). The FLSA requires that only an employer is liable for paying overtime wages. 29 U.S.C. § 207(a). An employee can have more than one employer simultaneously, thereby giving rise to a joint-employer situation. *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). "The determination of

employment status under the FLSA is a question of law." *Brouwer v. Metropolitan Dade County*, 139 F.3d 817, 818 (11th Cir. 1998).

The proper test to apply to determine whether the Jefferson County Personnel Board is the employer or joint employer of Morgan and Wilson under the FLSA is the "total employment situation" test of *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995). The parties agree that the law in *Welch* will control this analysis (Defendant Jefferson County Personnel Board's Motion for Summary Judgment, p.3; Plaintiffs' Response to Motion for Summary Judgment by the Jefferson County Personnel Board, p. 2). The Jefferson County Personnel Board is not Morgan's and Wilson's employer or joint employer under the *Welch* test.

The plaintiff in *Welch* was a female dispatcher for the Cullman County Sheriff's Department. She reported directly to Cullman County Sheriff David Laney. After discovering that a male dispatcher in the Sheriff's Department was receiving a higher salary, she sued, among other parties, Sheriff Laney, in both his official and individual capacities, for a violation of the Equal Pay Act. See *Welch,* 57 F.3d at 1007. The Equal Pay Act is simply an extension of the FLSA and incorporates the FLSA's definition of "employer." *See Corning Glass Works v. Brennan,* 417 U.S. 188, 190, 94 S.Ct. 2223, 2226, 41 L.Ed.2d 1 (1974) (noting that the Equal Pay Act of 1963, 77 Stat. 56, § 3, merely "added to § 6 of the Fair Labor Standards Act of 1938 the principle of equal pay for equal work regardless of sex").

In analyzing Welch's claims under the Equal Pay Act, the Court articulated a three factor test in order to determine whether or not the County Commissioners named in the suit were Welch's joint employers by the "total employment situation" standard. The factors used in assessing the total employment situation are (1) whether the employment took place on the premises of the alleged employer; (2) how much control the alleged employer exerted on the employees; and (3) whether the employer had the power to hire, fire or modify the employment conditions of the employee. *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995).

The 11th Circuit held that:

> Applying these factors, the commissioners do not qualify as Welch's employer under the Act. Welch's employment took place on Sheriff Laney's premises, the Cullman County Sheriff's Department, not on any premises of the commissioners. The commissioners exercised no direct control over Welch, except for setting the salary for the employment classification which Welch fit into, and had no power to hire or fire her.

*Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995).

The test articulated in *Welch* requires that Morgan and Wilson demonstrate that they meet each of the three criteria conjunctively or they cannot succeed under a *Welch* analysis.

**A.     Morgan's and Wilson's employment did not take place on premises controlled by the Jefferson County Personnel Board.**

It is undisputed that the Jefferson County Personnel Board does not own or

exert control over any property used by the Jefferson County Sheriff's Department (Affidavit of Lorren Oliver at 4; Plaintiffs' Response to Motion for Summary Judgment by the Jefferson County Personnel Board). There is no evidence to suggest that the anyone other than the Jefferson County Commission or the Jefferson County Sheriff's Department owns and controls the premises used by the Sheriff's Department. Morgan and Wilson never performed any of their employment duties on premises owned by the Jefferson County Personnel Board; therefore, they cannot satisfy the first prong of the *Welch* test.

**B.   The Jefferson County Personnel Board had no control over Morgan and Wilson.**

The *Welch* test demands that a court examine how much control the alleged employer exerted over the employees. In the present instance, the evidence shows and the parties agree that the Jefferson County Personnel Board did not exert any direct or indirect control over Morgan and Wilson (Plaintiffs' Response to Motion for Summary Judgment by the Jefferson County Personnel Board, p. 1). Because the Jefferson County Personnel Board did not exert any control over Morgan and

Wilson they cannot succeed under the second prong of the *Welch* test.[3]

### C. Morgan and Wilson could not be hired, fired, or have the conditions of their employment modified by the Jefferson County Personnel Board.

Morgan and Wilson do not put forth any evidence that could be found to vest the Jefferson County Personnel Board with the authority to hire, fire, or modify the employment conditions of Jefferson County Deputy Sheriffs.

Under the Jefferson County Personnel Board Rules and Regulations, an "appointing authority" is

> Any person, officer, board, council, commission or other governmental body whose lawful jurisdiction or powers are confined wholly or primarily within the territorial limits of Jefferson County and who or which possesses final power to appoint persons to services, jobs, offices or positions, the compensation of which is paid in whole or in part from the public funds of Jefferson County or from the public funds of a municipality in Jefferson County Subject to this Act

Rule 1.3, Personnel Board of Jefferson County.

Morgan and Wilson do not disagree with the Personnel Board that Michael Hale, Sheriff of Jefferson County, and not the Jefferson County Personnel Board,

---

[3]In the same document Morgan and Wilson concede that the Personnel Board had no control over their "wages received"(Plaintiffs' Response to Motion for Summary Judgment by the Jefferson County Personnel Board, p.1)("Plaintiffs do not disagree with the factual averments contained in Defendant Personnel Board's statement of undisputed facts on paragraphs 1 and 2") and subsequently assert that the Personnel Board "does have the right to exercise control over the pay of the Plaintiffs" (*Id.*, p.3). Assuming, for the purpose of this analysis only, that the Personnel Board has the authority to control the wages of Morgan and Wilson the power to set wage scales and issue paychecks is insufficient to rise to the level of control for the second prong of the *Welch* test. *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995). See also *Morrison v. Magic Carpet Aviation*, 383 F.3d 1253 (11th Cir. 2004).

is the appointing authority for his deputies (Plaintiffs' Response to Motion for Summary Judgment by the Jefferson County Personnel Board, p.1). There is nothing in evidence to suggest that anyone other than the Sheriff of Jefferson County is the sole official in Jefferson County with the power to hire Deputy Sheriffs.

Morgan and Wilson present no evidence and assert no argument to suggest that the Jefferson County Personnel Board has the power to fire Jefferson County Deputy Sheriffs. The evidence would have to show that the Jefferson County Personnel Board had the power to directly fire Morgan and Wilson without the consultation or approval of the Jefferson County Sheriff. *Morrison v. Magic Carpet Aviation* 383 F.3d 1253, 1255 (11th Cir. 2004). There simply is no evidence for the court to consider as to this issue.

Morgan and Wilson argue that the Personnel Board can "modify the employment conditions of the Plaintiffs in terms of overtime" in order to demonstrate that the Personnel Board is their employer under the third prong of the *Welch* test (Plaintiffs' Response to Motion for Summary Judgment by the Jefferson County Personnel Board, p.3). In support of this argument Morgan and Wilson cite to the Personnel Board of Jefferson County Rule 16.5 which clearly states that it is the appointing authority, and not the Personnel Board, who is responsible for overtime pay and designating which employees are subject to the

11

FLSA. Under this rule and by Morgan's and Wilson's own concessions it is not the Jefferson County Personnel Board but the Sheriff of Jefferson County in his capacity as the "appointing authority" who is ultimately responsible for Jefferson County Deputy Sheriffs' overtime wages. Therefore, the Jefferson County Personnel Board cannot modify Morgan's and Wilson's employment conditions in terms of overtime, and Morgan and Wilson cannot satisfy the third prong of the *Welch* test.

None of the three factors of the test found in *Welch* are satisfied.[4] The Jefferson County Commission is not the employer or joint employer of Morgan and Wilson for purposes of an FLSA claim.

## II.   Morgan's and Wilson's 42 U.S.C. § 1983 Claim against the Jefferson County Personnel Board[5]

As a matter of law, Morgan's and Wilson's 42 U.S.C. § 1983 claim for a violation of their rights under the FLSA cannot survive summary judgment. "The Fair Labor Standards Act provides for the exclusive remedy for failure to pay

---

[4] Morgan and Wilson would have to demonstrate that all three factors of the *Welch* test are met in order for the Jefferson County Personnel Board to be their employer under the FLSA.

[5] Morgan's and Wilson's Second Amended Complaint contains two counts against the Jefferson County Personnel Board. The first count contains an FLSA claim. The second count contains a 42 U.S.C. § 1983 claim for Morgan's and Wilson's rights "under the FLSA" (Plaintiffs' Second Amended Complaint, p. 4). The Personnel Board moved for summary judgment as to "Plaintiff's claims under the Fair Labor Standards Act" (Memorandum of Law in Support of Motion for Summary Judgment, p.1). Because the § 1983 claim is hinged to Morgan's and Wilson's rights under the FLSA the court considers it as part of the Personnel Board's motion for summary judgment for claims under the FLSA.

overtime wages and therefore the plaintiff may not seek relief under § 1983 for violations of the Fair Labor Standards Act." *Saunders v. Hunter*, 980 F.Supp. 1236, 1245 (M.D. Fla. 1997)(See also *Tombrello v. USX Corp.*, 763 F.Supp. 541 (N.D. Ala. 1991)).

## Conclusion

Morgan and Wilson have failed to establish that the Jefferson County Personnel Board was their employer for FLSA purposes under the three factor test articulated in *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995*)*, and so their FLSA claim as well as their 42 U.S.C. § 1983 claim for a violation of their rights under the FLSA cannot survive summary judgment.

For the reasons stated, the court finds that Defendant Jefferson County Personnel Board's Motion for Summary Judgment (doc. 56) is due to be **GRANTED**. A separate Order will be entered.

**DONE** and **ORDERED** this 22nd day of September, 2005.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge